UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**MELISSA B. SARNER,**                                          Chapter 13
    Debtor                                   Case No. 10-17487-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~

**MELISSA B. SARNER AND**
**LAWRENCE E. SARNER**
    Plaintiffs
v.                                                              Adv. P. No. 11-1253
**MASSACHUSETTS DEPARTMENT OF**
**REVENUE**,
    Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

Upon consideration of the Motion for Reconsideration of Denial of Plaintiffs' Motion for Injunctive Relief and the Opposition filed by the Commissioner of Revenue for the Commonwealth of Massachusetts (the "MDOR"), the Court shall enter an order denying the Motion for Reconsideration for the following reasons, as well as those set forth in the MDOR's Opposition.

The Plaintiffs, Melissa Sarner (the "Debtor"), and Lawrence Sarner ("Sarner"), argue that the Court's order of February 3, 2011, granting the Debtor's Motion for Approval and Confirmation of Amended Plan with respect to her First Amended Chapter 13 Plan, which was filed on September 28, 2010, and the order of June 6, 2011, granting the Debtor's

1

Motion for Approval of [Third] Amended Plan, which was filed on May 6, 2011, should have the same force and effect as a separate order of confirmation because the Debtor's plan has been confirmed *de facto*. The Court rejects this argument for several reasons. In the first place, the Debtor's Third Amended Plan was further modified on June 30, 2011 through a Modification of Plan *Prior* to Confirmation, executed by counsel to the Debtor and the Chapter 13 Trustee. Secondly, the practice in this district has been that the Chapter 13 Trustee submits a proposed form of confirmation order, a circumstance which has not transpired in this case. Finally, the entry of an order of confirmation is not a ministerial act, namely an act "that is essentially clerical in nature." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 974 (1st Cir. 1997).

In Soares, the First Circuit explained the difference between judicial and ministerial acts:

> [W]hen an official's duty is delineated by, say, a law or a judicial decree with such crystalline clarity that nothing is left to the exercise of the official's discretion or judgment, the resultant act is ministerial. *See* United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 420, 51 S.Ct. 502, 504, 75 L.Ed. 1148 (1931) (indicating that a duty is ministerial if "the obligation to act [is] peremptory, and plainly defined"); Neal v. Regan, 587 F.Supp. 1558, 1562 (N.D. Ind.1984) (describing a ministerial act as "one which 'the law prescribes and defines . .. with such precision as to leave nothing to the exercise of discretion or judgment'") (citation omitted). Such acts can usefully be visualized as the antithesis of judicial acts, inasmuch as the essence of a judicial act is the exercise of discretion or judgment. *See* Black's Law Dictionary, *supra*, at 846.
>
> . . . Frequently, routine scrivening, such as recordation or entry on the docket, follows on the heels of a judicial decision. Such actions-taken in obedience to the judge's peremptory instructions or otherwise precisely defined and nondiscretionary-are ministerial and, consequently, do not

>themselves violate the automatic stay even if undertaken after an affected party files for bankruptcy. *See, e.g.*, Knightsbridge Dev., 884 F.2d at 148 (suggesting that merely recording a previously decided award would be a "clerical act" and therefore would not infract the automatic stay); In re Capgro Leasing Assocs., 169 B.R. 305, 315-16 (Bankr.E.D.N.Y.1994) (stating that "entry of a judgment will constitute a 'ministerial act' where the judicial function has been completed and the clerk has merely to perform the rote function of entering the judgment upon the court's docket"). By the same token, however, acts undertaken in the course of carrying out the core judicial function are not ministerial and, if essayed after bankruptcy filing, will be deemed to violate the automatic stay.

In re Soares, 107 F.3d at 974.

The entry of a confirmation order submitted to the Court by the Chapter 13 Trustee is not a ministerial act. While the Court obviously cannot, as the Plaintiffs assert, dictate the provisions of a Chapter 13 plan, the Court has "a duty to 'address and correct a defect in a debtor's proposed plan even if no creditors raise the issue.'" In re Euliano, 442 B.R. 177, 184 n. 14 (Bankr. D. Mass. 2010) (citing United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1381 n. 14 (2010)). Thus, the decisions cited by the Plaintiffs do not support the proposition that the Debtor's Third Amended Plan was confirmed *de facto.* In the absence of a final appealable confirmation order, the Debtor's plan is not binding on all parties, including the MDOR.

The Court also rejects the Plaintiffs' assertion that the bank accounts upon which the MDOR levied or attempted to levy are property of the Debtor's bankruptcy estate as the Plaintiffs adduced no evidence in the form of an affidavit or otherwise to support that assertion. Indeed, the only evidence of the Debtor's bank accounts, namely a single account at Digital Federal Credit Union, appears on Schedule B-Personal Property which

3

has never been amended. If the Debtor has an interest in the bank accounts levied by the MDOR, it would have been simple and appropriate to submit unequivocal evidence of that fact at the outset of the adversary proceeding. The Court finds that pursuant to their Motion for Reconsideration the Plaintiffs merely are seeking a proverbial "second bite of the apple." Having failed to adduce evidence in conjunction with their original Motion for Injunctive Relief, they now argue that the bank accounts at RBS Citizens are joint accounts. At no time did Melissa Sarner amend Schedule B to claim an interest in an account at RBS Citizens Bank. She listed a single account at Digital Federal Credit Union. Until such time as Schedule B is amended and a declaration filed under penalty of perjury pursuant to Fed. R. Bankr. P. 1008, the Plaintiffs cannot point to error on the part of the Court for concluding that the accounts were not property of the estate. *See* In re Wedgestone, 142 B.R. 7, (Bankr. D. Mass. 1992). The Plaintiffs' assertion that the bank accounts are joint accounts is not newly discovered evidence and remains unsubstantiated. Through their present arguments in which they assign legal error to the Court's conclusion that the account or accounts at RBS Citizens are not property of the estate, they effectively request the Court to be omniscient as to the Debtor's personal property which she was required to disclose under penalty of perjury.

The Plaintiffs' citation to the decision in In re Lowery, 398 B.R. 512, 514 (Bankr. E.D.N.Y. 2008), for the proposition that property of the estate includes property that is not listed in the Debtor's Schedules is irrelevant to this Court's determination as to whether an injunction should issue against collection activities by the MDOR against a nondebtor and

4

property which is not property of the estate. To be entitled to the injunctive relief requested, the Plaintiffs could have and should have established that the Debtor was a joint owner of the bank accounts; they failed to do so. Moreover, the Plaintiffs assert that "an amended schedule B is in preparation," but, to date, no such amended Schedule has been filed.

Finally, the Court finds that the cases relied upon by the Plaintiffs, in particular In re McGrahan, 448 B.R. 611 (Bankr. D. Mass. 2011), are distinguishable and do not support injunctive relief. In McGrahan, unlike the instant case, there was a binding order of confirmation. Because of that order, the Court ruled that although 11 U.S.C. § 362(b)(2)(F) permits interception of tax refunds for domestic support obligations, the New Hampshire Department of Health and Human Services was bound by the terms of a confirmed plan providing for payment of its claim in full.

In accordance with the foregoing, the Court shall enter an order denying the Motion for Reconsideration and sustaining the Opposition filed by the MDOR.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: December 5, 2011
cc: David G. Baker, Esq., Stephen G. Murphy, Esq., Carolyn Bankowski, Esq.